*456 OPINION.
Teammell :
The question in this case is whether the statute of limitations now bars the assessment or collection of the deficiencies asserted by the respondent. In the case of the American Vineyard Co. the period involved is from August 1, 1916, to July 31, 1917, and the period of limitations so far as it affects that company for that period will be discussed first.
That company, keeping its books on the fiscal year basis ending July 31, filed its return on that basis previous to 1917, but on February 21, 1917, its board of directors passed a resolution pursuant to which it changed its basis for filing income-tax returns to the calendar year basis. It did not request or receive permission from the Commissioner to do so, nor did it give the collector any notice of such change other than that which might be inferred from the filing on March 1,1917, of a return covering the period from August 1, 1916, to December 31, 1916. After the close of 1917 and after the American Vineyard Co. had transferred all of its assets to the American Seedless Raisin Co. and had entirely ceased business, a joint return was filed by the two companies for the calendar year 1917. The American Vineyard Co. ceased business on May 1, 1917, and while apparently the corporation had not been dissolved it had no assets and transacted no business after that date. The return filed by the two companies for the calendar year 1917 included the income of the American Vineyard Co. from January 1, 1917, to May 1, 1917, and of the American Seedless Raisin Co. from May 1, 1917, to December 31, 1917. The two corporations were not affiliated and it is not contended that they were. They did not file a consolidated return, and it is not contended that they were entitled to file such a return. The return simply included the income of one corporation for one portion of the calendar year 1917 and of the other corporation for the remainder of the year, but made no segregation or separation of the income, gains, profits or deductions of the two corporations. This return did not specify nor give any information by which the income of either of the companies could be determined. There was no specification as to what proportion of the income was received by one or the other.
Did either the return filed by the American Vineyard Co. for the five-month period ended' December 31,4916, or the inclusion of its income for the period from January 1, 1917, to May 1, 1917, in the joint return constitute the return required by statute and start the *457 period of limitations running? We think not. With respect to the return for the five-month period ended December 31, 1916, it was for only a portion of the American Vineyard Co.’s fiscal year as previously established by it in accordance with the statute, and as such did not start the running of the period of limitations. Paso Robles Mercantile Co., 12 B. T. A. 750; Lowenstein Brothers Garment Co., 13 B. T. A. 446. With respect to the inclusion by the American Vineyard Co. of its income during 1917 in the joint return, the statute does not provide for or warrant the filing of joint returns by two corporations for a taxable year when one retires from business at some time during the period. This is not a case of consolidated returns and is not covered by the principles of law applicable to such returns. In our opinion, the joint return was not the return required by law with respect to either company and the inclusion by the American Vineyard Co. of its income in this return did not start the running of the period of limitations. In view of the foregoing, we do not think that collection of the deficiency determined against the American Vineyard Co. for the period from August 1, 1916, to July 31,1917, is barred by the statute of limitations.
Since the joint return filed for the calendar year 1917 was not a return with respect to either company as required by law, the inclusion by the American Seedless Raisin Co. of its income from May 1, 1917, to December 31, 1917, in such return did not start the period of limitations running against the assessment and collection of the deficiency determined against that company for the period from May 1, 1917, to December 31, 1917.
With respect to the deficiency determined against the American Seedless Raisin Co. for the period from January 1, 1918, to July 31, 1918, the company erroneously filed its return for the calendar year 1918, whereas the return should have been on the fiscal year basis. We have heretofore held under such circumstances that we will look to the last return in which any income for the period is included to determine when the period of limitations begins to run. See Paso Robles Mercantile Co., supra, and Lowenstein Brothers Garment Co., supra.
The return which was filed on the calendar year basis for the calendar year 1918 included all the income and covered all of the period from January 1, 1918, to December 31, 1918. The income for the period from January 1, 1918, to July 31, 1918, was thus included. Under the authority of the above cited cases the period of limitations must begin to run when the 1918 calendar year return was filed. This calendar year return for 1918 was filed in 1919, and more than five years having elaj>sed prior to the sending of the deficiency notice, the statute of limitations now bars the assessment and collection of the deficiency for the period from January 1, 1918, to July 31, 1918.
*458 While consents in writing were introduced in evidence, the respondent states in his brief that they were not relied on by him, and we have therefore not incorporated them in the findings of fact. They had by their terms expired before the mailing of the deficiency notices.
In view of the foregoing, the proceedings will be set down for further hearing upon their merits with respect to the deficiency against the American Vineyard Co. and against the American Seedless Raisin Co. for the period from May 1, 1917, to December 31, 1917. The statute bars the assessment and collection of the deficiency against the American Seedless Raisin Co. for the period from January 1, 1918, to July 31, 1918.
Judgment wild be entered for the petitioner with respect to the period from Jamiuatry 1, 1918, to July 31, 1918.